# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOEL SPAAN, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| WELLS FARGO & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the Plaintiff Joel Spaan ("Plaintiff"), and for his First Complaint against Defendant Wells Fargo & Company ("Defendant"), states and alleges as follows:

## THE PARTIES

1. Plaintiff is a resident of Omaha, Douglas County, Nebraska.

2. Defendant is a financial services company organized and existing under the laws of the state of Delaware and conducts business in Nebraska.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's ERISA claims pursuant to 29 U.S.C. § 1132(e)(1). This Court has subject matter jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because Defendant systematically and continuously conducts business in this State, and otherwise has minimum contacts with this State sufficient to establish personal jurisdiction over it.

5. Venue is proper in this Court pursuant to ERISA § 502(e)(2) because Nebraska is the location where the Severance Plan referred to below was administered. 29 U.S.C. § 1132(e)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff was employed by Wells Fargo Bank, N.A., a subsidiary of Defendant (hereinafter the "Bank"), starting in 2004 until Plaintiff was terminated from his position in 2023.

7. The Bank employed Plaintiff as a Non-Producing Mortgage Retail Sales Manager at the time of termination.

8. On February 21, 2023, the Bank provided Plaintiff notice of the elimination of Plaintiff's position by conference call.

9. Position elimination is a qualifying event, as determined by the Wells Fargo & Company Severance Plan (the "Severance Plan").

10. Under the Severance Plan, Employees are provided a Notice Period after notice of a qualifying event during which Employee may consider signing an Agreement and Release of Claim ("Agreement").

11. Employees who are subject to a qualifying event and sign the Agreement are provided post-termination severance benefits under the Severance Plan.

12. Defendant maintains the Severance Plan, administers the Severance Plan, and is responsible for its performance.

13. The Severance Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

14. Under the Severance Plan, Job Class Codes determine eligibility for benefits, including severance pay for separating employees like the Plaintiff.

15. Defendant assigned each job profile one of three Job Class Codes, with Job Class Codes 1 and 5 being considered "special pay categories".

16. In March of 2023, after receiving notice of his job elimination, Plaintiff called Employee Care and HR Services to determine his Job Class Code. Defendant opened file HRC6991857 in response to Plaintiff's inquiry.

17. In an email on March 22, 2023, Sophia Garcia ("Garcia"), Operations Processor, informed Plaintiff that his Job Class Code was 1 and Plaintiff would be compensated accordingly.

18. On March 27, 2023, Plaintiff signed the Bank's Agreement offered to him in reliance upon Garcia's statement that Plaintiff's Job Class Code was 1.

19. Plaintiff would not have signed the Agreement but for Garcia's assurance that his job was Job Class Code 1.

20. On April 22, 2023, the Bank terminated Plaintiff's employment.

21. On April 27, 2023, Defendant asserted to Plaintiff that his position was actually Job Class Code 5. At that time, Plaintiff called Employee Care and HR services and file HRC7375811 was assigned to Garcia.

22. On May 1, 2023, Plaintiff filed a formal claim for additional benefits under the Severance Plan.

23. On May 3, 2023, Garcia informed Plaintiff that there had been misrepresentations and miscommunications to Plaintiff regarding his Job Class Code.

24. On July 28, 2023, Defendant denied Plaintiff's claim for additional benefits.

25. Defendant also denied Plaintiff's appeal for additional benefits on January 12, 2024. Plaintiff has exhausted all administrative requirements under the Severance Plan.

26. Defendant presented Plaintiff with a complete copy of the Severance Plan for the first time on January 12, 2024 when Defendant denied Plaintiff's appeal in writing.

## COUNT ONE – BREACH OF FIDUCIARY DUTY
### ERISA § 404(a)(1)(B)
### 29 U.S.C. § 1104(a)(1)(B)

27. Plaintiff incorporates the allegations in the previous paragraphs 1-26 of this Complaint as fully set forth herein.

28. ERISA § 404(a)(1)(B) provides that a fiduciary shall discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. 29 U.S.C. § 1104(a)(1)(B).

29. On two separate occasions, Defendant specifically informed Plaintiff that his Job Class Code was 1, and Plaintiff's severance would be paid accordingly.

30. Plaintiff signed the Agreement with the knowledge his Job Class Code was 1 and he would be compensated accordingly.

31. During the phone call on May 3, 2023, Garcia stated that employees in the Displacement Group are trained to verify Job Class Codes before responding to inquiries regarding Job Class Codes.

32. According to the phone call, the Displacement Group, without verifying Plaintiff's Job Class Code, sent Plaintiff's inquiry to Human Resources, where Garcia responded to Plaintiff's inquiry with an incorrect Job Class Code.

33. Plaintiff became aware of the different Job Code Classification after Plaintiff signed the Agreement on March 27, 2023. At the time Plaintiff became aware of the different Job Code Classification, it was too late for him to revoke the Agreement.

34. Defendant's negligence in informing Plaintiff of an incorrect Job Code Classification was a breach of Defendant's fiduciary duties, proximately resulting in damages to Plaintiff in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for damages, including, but not limited to, the difference between what he received and what he would have received if his Job Class Code was 1, prejudgment interest, and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), for the costs of this action, and for such other and further relief as this Court may allow.

### COUNT TWO – RECOVERY OF PLAN BENEFITS
### ERISA § 502(a)(1)(B)
### 29 U.S.C. § 1132(a)(1)(B)

35. Plaintiff incorporates the allegations in the previous paragraphs 1-34 of this Complaint as fully set forth herein.

36. ERISA § 502(a)(1)(B) provides that a beneficiary may bring a civil action to "…recover benefits owed to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan…" 29 U.S.C. § 1132(a)(1)(B).

37. The Severance Plan is covered by ERISA.

38. The Plaintiff is a beneficiary of the Severance Plan.

39. Defendant has refused to pay Plaintiff the full benefits to which Plaintiff is entitled under the terms of the Severance Plan, which refusal has proximately resulted in damages to Plaintiff.

WHEREFORE, Plaintiff requests that this Court declare, adjudge, and decree Defendant's denial and withholding of benefits due to Plaintiff is in violation of ERISA and the

Severance Plan, and that this Court enter judgment against Defendant for damages, including, but not limited to, past due benefits, prejudgment interest, and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), for the costs of this action, and for such other and further relief as this Court may allow.

## COUNT THREE – PROMISSORY ESTOPPEL

40. Plaintiff incorporates the allegations in the previous paragraphs 1-39 of this Complaint as fully set forth herein.

41. The Bank's offer of employment issued to Plaintiff in September of 2022 for Plaintiff's position of a Non-Producing Mortgage Retail Sales Manager made no mention of a Job Class Code.

42. At time of termination, Plaintiff sought out information regarding his Job Class Code and severance package, which Defendant provided to Plaintiff in writing on March 22, 2023.

43. Defendant's communications to Plaintiff constituted a promise.

44. Plaintiff reasonably relied on Defendant's promise when Plaintiff signed the Agreement.

45. Defendant's failure to fulfill its promise has proximately resulted in damages to Plaintiff.

WHEREFORE, Plaintiff prays for a judgment against the Defendant in an amount to be determined at trial, for prejudgment interest, for the costs of this action, and for such other and further relief as this Court may allow.

DATED this 24th day of April, 2024.

                         JOEL SPAAN, Plaintiff

                         By: s/Patrick M. Flood
                         Patrick M. Flood, #19042
                         PANSING HOGAN ERNST & BUSER LLP
                         10250 Regency Circle, Suite 300
                         Omaha, NE 68114
                         Phone: (402) 397-5500
                         pflood@pheblaw.com
                         *Attorney for Plaintiff*