# Kayla Hathcote

| | |
|---|---|
| **From:** | Patrick M. Flood <PFlood@pheblaw.com> |
| **Sent:** | Tuesday, November 25, 2025 2:08 PM |
| **To:** | carson@ned.uscourts.gov |
| **Cc:** | Crowell, Bradley; Carroll, Tom; Sydney M. Grad |
| **Subject:** | Joel Spaan v. Wells Fargo; Case No. 8:24-cv-148 |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**CAUTION - EXTERNAL:**

Judge Carson:

I represent the Plaintiff in the above-referenced case. The parties currently have a discovery dispute. The Plaintiff has requested available dates from Defendant's counsel for the deposition of an employee of Defendant whose name is Sophia Garcia. Ms. Garcia was an employee in the "Employee Care" Division of Wells Fargo who had communications with the Plaintiff at the time he was considering signing a severance agreement and made certain representations to Plaintiff about what his Job Classification Code was. Since severance was tied to a Job Classification Code, Ms. Garcia's representations had a direct impact on Plaintiff's decision to accept the severance agreement offered to him or not. In a nutshell, Ms. Garcia told Plaintiff that Job Classification Code was a "1", but it turned out to be a "5". There are at least two important emails which Plaintiff's counsel who would like to question Ms. Garcia about, as well as a phone conversation which she had with Plaintiff concerning the topic of his job classification code.

Defendant has flatly objected to producing Ms. Garcia for a deposition, contending that her deposition is irrelevant or that the burden and expense of preparing and defending this deposition clearly outweigh the value of her testimony. Plaintiff contends that her testimony is important because she made certain admissions important to Plaintiff's case. Plaintiff also wants to inquire what training Ms. Garcia had before fielding calls and communications from inquiring employees (like from Plaintiff) and what instructions she was given by her superiors regarding employees' job classification codes. Plaintiff believes its questioning of Ms. Garcia will be reasonably calculated to lead to the discovery of admissible evidence at trial. In terms of expense, we cannot imagine that a company like Wells Fargo would endure that much expense for preparing this witness for a deposition and attending the deposition. Plaintiff would be willing to take the deposition by zoom.

Thank you,

Pat Flood

Patrick M. Flood
Attorney

Firm:    402.397.5500

Direct:   402-504-9446
Email:   pflood@pheblaw.com

**PANSING HOGAN ERNST & BUSER** LLP | 10250 Regency Circle, Suite 300 |Omaha, NE 68114
_____

This message and any attachments are confidential, may contain privileged information, and are intended solely for the recipient named above.  If you are not the intended recipient, or a person responsible for delivery to the intended recipient, you are notified that any review, distribution, dissemination or copying is prohibited.  If you have received this email in error, you should notify the sender by return email and delete the message from your computer system.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.